IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JO LEVITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06-cv-00818-ODS |
| | ) |
| MERCK & COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT'S CAUSATION OPINION, (2) DENYING PLAINTIFF'S MOTION TO STRIKE REPLY, AND (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Pending are Defendant's motion to exclude the causation opinion of David Egilman, M.D. (Doc. #39), Plaintiff's motion to strike portions of Defendant's reply in support of its motion to exclude the causation opinion of David Egilman, M.D., (Doc. #54), and Plaintiff's motion for leave to file sur-reply (Doc. #55). For the following reasons, all three motions are denied.

## I. BACKGROUND

On September 29, 2006, Plaintiff brought this action against Defendant alleging she suffered two heart attacks in 2001 as a result of taking Vioxx. On November 8, 2006, the matter was transferred to the United States District Court for the Eastern District of Louisiana for inclusion in the *Vioxx* multidistrict litigation ("MDL"). The MDL court retained jurisdiction for the discovery phase of this case. During that time, Plaintiff designated David Egilman, M.D. as her expert concerning non-heart attack related injuries. Dr. Egilman testified Vioxx is a significant contributing cause of Plaintiff's acute coronary syndrome ("ACS"), which first presented as unstable angina. He based this opinion on studies demonstrating a link between Vioxx and ACS as well as a statistical analysis of Defendant's data. Defendant filed a motion in the MDL to exclude this opinion on the grounds that these studies concerned only ACS in general and not its

initial presentation as unstable angina. Defendant argued the Fifth Circuit requires an expert to base his causation opinions on studies showing a link between the exact drug at issue and the exact symptoms. The MDL court found the Fifth Circuit cases did not apply and deferred the issue to this Court for application of Eighth Circuit law.

Also pending are Plaintiff's motion to strike reply (Doc. #54) and Plaintiff's motion for leave to file sur-reply (Doc. #55).

## II. STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In determining the admissibility of expert testimony, the Court uses the following three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). "Courts should resolve doubts regarding usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citations omitted).

## III. DISCUSSION

### A. Defendant's Motion to Exclude

Defendant moves to exclude Dr. Egilman's causation opinions because they are based on unsound methodology, and he lacks sufficient medical expertise to opine on technical matters of cardiology. Defendant also disputes Dr. Egilman's findings that Vioxx is associated with unstable angina. Defendant seeks to exclude studies that look at composite risks for a broad set of adverse outcomes rather than a specific connection between the particular exposure and unstable angina. Defendant argues Dr. Egilman's study suggests that Vioxx is causally linked to a set of heart-related incidents that includes unstable angina but does not directly prove that Vioxx causes unstable angina. Lastly, Defendant argues Dr. Egilman may not rely on Dr. Madigan's causation analysis because it combines data on unstable angina with other cardiovascular events into a single statistical analysis.

Plaintiff argues Dr. Egilman is qualified because of his extensive training and experience. Plaintiff contends Dr. Egilman has testified in numerous courts throughout the country on issues similar to his opinions presented in this case. With regard to Dr. Egilman's reliance on Dr. Madigan's causation analysis, Plaintiff argues Dr. Egilman may cite a study which is in agreement with his own conclusions. Plaintiff further argues that Dr. Madigan's study should not be limited to data on unstable angina alone. Because acute coronary syndrome includes unstable angina, Plaintiff argues that Dr. Egilman should be allowed to use an analysis linking acute coronary syndrome to Vioxx as evidence that Vioxx caused Plaintiff's injuries.

An expert may base opinions on facts or data he has been made aware of during the case. Fed. R. Evid. 703. According to the Eighth Circuit:

> There is no requirement that a medical expert must always cite published studies on general causation in order to reliably conclude that a particular object caused a particular illness. [E]ven if the judge believes there are better grounds for some alternative conclusion, and that there are some flaws in the scientists methods, if there are good grounds for the expert's conclusion, it should be admitted . . . . [T]he district court could not exclude [scientific] testimony simply because the conclusion was "novel" if the methodology and the application of the methodology were reliable. Likewise, there is no requirement that published epidemiological studies

supporting an expert's opinion exist in order for the opinion to be admissible.

*Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (internal quotations and citations omitted).

According to the Eighth Circuit, "cases are legion that, correctly, under *Daubert*, call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014) (citations omitted). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590). An expert's opinion should be excluded only if the "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007).

This Court has also recognized that the Eighth Circuit permits expert testimony on causation without the need to cite to studies linking the specific injury to the specific drug. *See Donner v. Alcoa Inc.*, 10-CV-00908-DW, 2014 WL 12600281 (W.D. Mo. Dec. 19, 2014); *Bonner*, 259 F.3d at 928. "[T]here is no requirement that published epidemiogical studies supporting an expert's opinion exist in order for the opinion to be admissible." *Id.* (citing *Bonner*, 259 F.3d at 929). The MDL court already determined Dr. Egilman is qualified to offer opinions based on his expertise, including epidemiology, and his conclusions based on Dr. Madigan's report are admissible. Doc. #51-1, at 15-16.

Based upon the record before it, the Court finds Dr. Egilman's opinions and testimony rest upon good grounds, are based upon what is known, are supported by medical records and Plaintiff's testimony, and may assist the jury. Moreover, any doubts the Court has with regard to Dr. Egilman's opinions and testimony must be resolved in favor of admissibility. *See Johnson*, 754 F.3d at 562; *Marmo*, 457 F.3d at 758. The jury will consider Dr. Egilman's opinions and testimony, the factual sources of his opinions and testimony, determine his credibility, and afford whatever weight to his opinions and testimony as the jury sees fit. Accordingly, the Court denies Defendant's motion.

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike purportedly new arguments and issues raised in Defendant's reply to its motion to exclude the causation opinion of Dr. Egilman. Doc. #54. Plaintiff requests the Court strike and not consider Section II of Defendant's reply. Defendant argues that, "each of the arguments plaintiff identifies was either (1) impossible to make before receiving plaintiff's opposition, to which Dr. Egilman's affidavit was attached, or (ii) raised in Merck's opening brief." Doc. #79, at 3. In light of the Court's ruling herein, Plaintiff's motion is denied as moot.

### C. Plaintiff's Motion for Leave to File Sur-Reply

Plaintiff requests leave to file a sur-reply in opposition to Defendant's motion to exclude the causation opinion of Dr. Egilman. Doc. #55. The Court does not believe a sur-reply is necessary to rule Defendant's motion to exclude. Accordingly, Plaintiff's motion is denied.

### IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion to exclude the causation opinion of Dr. Egilman is denied, Plaintiff's motion to strike is denied, and Plaintiff's motion for leave to file sur-reply is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 28, 2019　　　　　　　　UNITED STATES DISTRICT COURT